UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS CETINSKY, ET AL., | ) | CASE NO.1:12CV092 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| ALLSTATE PROPERTY AND | ) | OPINION AND ORDER |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant Allstate Property and Casualty Insurance Company's ("Allstate") Motion to Dismiss and Motion for Judgment on the Pleadings (ECF # 14). For the following reasons, the Court grants, in part, and denies, in part, Defendant's Motion.

<u>**Background Facts**</u>

On December 8, 2011, Plaintiffs Nicholas Cetinsky and Christian DeMarco, filed a Supplemental Petition to Enforce Judgment Pursuant to O.R.C. 3929.06 and Complaint for Money Damages and Bad Faith and Request for Declaratory Judgment with the Cuyahoga County Court of Common Pleas. According to Plaintiffs' Complaint, on August 13, 2006, an

1

incident occurred between Cetinsky and DeMarco.  Although the Complaint does not specify what occurred, the parties briefs for and against dismissal describe a fight that occurred between Plaintiffs resulting in injury to Cetinsky.  At the time of the altercation, DeMarco was allegedly insured by Defendant Allstate.  Cetinsky filed suit against DeMarco in Cuyahoga County Court of Common Pleas case no. CV-6317789.  Allstate provided defense counsel to DeMarco under a reservation of rights.  Cetinsky dismissed the suit without prejudice.  On April 23, 2009, Allstate denied coverage.  Cetisnsky subsequently refiled his suit against Demarco in Cuyahoga County Common Pleas case no. 09-705805.  On March 3, 2011,  Cetinsky and DeMarco informed the court they had settled the suit and the court journalized the settlement and dismissal on March 4, 2011.  On September 29, 2011, Cetinsky and DeMarco entered into a Confession of Judgment wherein DeMarco confessed judgment in favor of Cetinsky in the amount of $150,000.00 and assigned his (DeMarco's) rights to the policy of insurance with Allstate to Cetinsky.  On October 18, 2011, Cetinsky forwarded the Confession of Judgment to Allstate and sought payment under the policy.  Allstate denied coverage and the lawsuit ensued.  On January 13, 2012, Defendant removed the case to this Court and on March 23, 2012, filed its Answer and Counterclaim.

**Allstate's Motion to Dismiss and Motion for Judgment on the Pleadings**

According to Allstate, Plaintiffs' cannot recover on DeMarco's Policy with Allstate because Cetinsky did not obtain a "final judgment" against DeMarco.  Rather, Cetinsky and DeMarco settled their claims and therefore, are prohibited from obtaining recompense under the policy.  Furthermore, Allstate contends Cetinsky lacks standing to assert a bad faith claim against Allstate and any assignment is void because Ohio does not permit prejudgment assignments of bodily injury claims.  Finally, Allstate contends there is no actual case nor controversy because

Cetinsky and DeMarco settled with prejudice all their claims arising from the August 13, 2006 incident.

**Plaintiffs' Opposition to Motion to Dismiss**

Plaintiff contends there was a final judgment in the underlying state case which permits Plaintiffs to proceed against Allstate for the settlement amount. Plaintiff further contends Allstate never pled statute of limitations as an affirmative defense and therefore, is barred from asserting it now, and contends the assignment is not void since a judgment exists and Plaintiff Cetinsky, as assignee, has standing to assert claims against Allstate.

## LAW AND ANALYSIS

**Civil Rule 12(b)(6) Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that " [a] pleading that states a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a Rule 12(b)(6) motion to dismiss, the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *See Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Instead a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677. Determining the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*, 284 F.Supp. 2d 799, 802 (N.D. Ohio 2003).

**Final Judgment**

The Court holds that Plaintiffs cannot proceed under O.R.C. § 3929.06 because there is no final judgment. Under Ohio law, before proceeding against an insurer under O.R.C. § 3929.06, the Plaintiff must obtain a "final judgment." As O.R.C. 3929.06(A) states:

> (A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

A judgment creditor, seeking the liability coverage of an insurer must wait thirty days from the date of the final judgment before filing suit. See O.R.C. § 3929.06(A)(2). Furthermore, a plaintiff may not seek declaratory judgment against defendant's insurer until a final judgment is entered. See O.R.C. § 2721.02.

Ohio law defines "judgment" as " a decree and any order from which an appeal lies as provided in Section 2505.02 of the Revised Code. A judgment shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." Ohio Rules of Civ. Procedure 54. The Ohio Court of Appeals, Eleventh District has further held

that a settlement is not a final judgment because a final judgment, unlike a settlement, must be litigated and ultimately must be submitted to the court for its determination.  See *Owen v. United Ohio Ins.,* No. 2005-L-194, 2006 WL 2796281, *5 (Ohio App. 11th Dist. September 29, 2006).

Here, the underlying case in Cuyahoga County Court of Common Pleas was dismissed pursuant to a settled and dismissed entry; not a judgment.  A review of the docket shows that on March 4, 2011, the Court entered the following entry:

> Case called for trial 3/03/11.  Parties appeared with counsel.  Case is settled and dismissed with prejudice. Final O.S.J. Court cost assessed to the Defendant(s). CLRDT 03/04/11 Notice Issued.

The docket references no determination by the Court.

Plaintiffs attach to their Complaint as Exhibit B a "Confession of Judgment, Covenant not to Execute, and Assignment of Claim for Damages."  The document is signed by Plaintiffs Cetinsky and De Marco and their counsel, was effective September 29, 2011, and is notarized. There is no signature of a judge on the document.  Plaintiffs further attach to their Complaint as Exhibit A, a "Stipulation of Settlement and Dismissal" filed with the Court of Common Pleas on October 19, 2011.  The Stipulation states:

> Now comes the Parties, by and through counsel, and give notice of their stipulation of settlement and dismissal of all claims and counterclaims, with prejudice at Defendant's costs.
> The Parties specifically adopt and incorporate the proceedings of record conducted on March 3, 2011, as if fully contained herein.

The Stipulation contains no signature of a judge.  The docket for the case contains a single line entry, dated October 19, 2011, stating, "P1Nicholas Cetinsky Stipulation of Settlement and

Dismissal."

A review of the Cuyahoga County Court of Common Pleas docket further indicates the last disposition of the case was March 4, 2011.  Thus, the Court considered the case closed as of that date by means of a settlement and dismissal.  Although the transcript of the proceedings before the Court on March 3, 2011, indicates the parties contemplated entering a Confession of Judgment, unquestionably, no such Confession of Judgment was entered as of that date.  Instead, the Confession of Judgment was signed by the parties several months later on September 29, 2011.  The Confession of Judgment was never filed with the Court, signed by the Judge, nor incorporated in the settlement entries.  Only the "proceedings of record" from March 3, 2011, were incorporated in the October 2011 settlement.  Thus, there was no Confession of Judgment as of March 3, 2011.

Because there is no record of a judgment in the case before the Court of Common Pleas, and no such judgment was filed or signed by the common pleas judge, the Court finds there is no final judgment.  The underlying case was disposed by settlement and not by a decree from the trier of fact after litigation.  Therefore, the Court grants Defendant's Motion to Dismiss Plaintiffs' claims under O.R.C. § 3929.06 and holds that Plaintiffs may not proceed against Allstate to recover the amount agreed by the parties in the Confession of Judgment as there has been no final judgment.

The Complaint further alleges claims for breach of insurance contract, bad faith and breach of fiduciary duty for Allstate's failure to investigate, defend, and/or indemnify DeMarco in the underlying suit.  The claims are brought on behalf of DeMarco, his successors or assigns.

These claims involve questions that cannot be resolved without considering facts outside the pleadings. For instance, the parties dispute whether DeMarco was an insured under his parents' homeowners insurance policy. This issue can only be determined after discovery.

Allstate also challenges the assignment itself, contending that Ohio law prohibits assignment of claims before liability is established. Because liability has not been adjudicated by the Cuyahoga Court of Common Pleas, Allstate contends Ohio law prohibits an assignment. While the Court agrees DeMarco cannot assign his rights to a final judgment where none exists, there is nothing precluding DeMarco from assigning his alleged causes of action under the insurance policy for failure to defend, indemnify, or bad faith to Cetinsky.[1] Therefore, the Court denies Defendant's Motion insofar as it contends no assignment of any right exists.

Therefore, for the foregoing reasons, the Court grants Allstate's Motion, in part, and dismisses Plaintiffs' claims brought under O.R.C. § 3929.06. The Court denies Allstate's Motion on Plaintiffs' remaining claims.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: September 6, 2012

---

[1] See *Sanderson v. Ohio Edison Co.* 1996 WL 629478, 12 (Ohio App. 6 Dist.,1996) ("Therefore, *absent an assignment or the equivalent of an assignment*, a third party has no cause of action against the insurer for bad faith.") (italics added).